UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NEW YORK

KYLE THOMAS, Pro Se Plaintiff

3227 Bellreng Drive B20

Niagara Falls, New York [14304]

kylethomas1003@gmail.com

v.

AFFINITY FEDERAL CREDIT UNION,

SALDUTTI LAW GROUP,

NU ERA SERVICES INC.,

Defendants.

Civil Action No.: [To be assigned]



25 CV 374-V

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND OTHER RELIEF

Plaintiff Kyle Thomas, proceeding pro se, brings this Complaint against Affinity Federal Credit Union ("Affinity"), Saldutti Law Group, and Nu Era Services Inc., and alleges as follows:

## PARTIES

1. Plaintiff Kyle Thomas ("Plaintiff") is a natural person domiciled in the State of New York.

2. Defendant Affinity Federal Credit Union is a credit union that conducts business in the State of New York.

3. Defendant Saldutti Law Group is a law firm representing Affinity concerning the disputed transaction.

4. Defendant Nu Era Services Inc. is a repossession company that executed the repossession of Plaintiff's vehicle.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) as this case involves violations of the Truth in Lending Act (TILA), 15 U.S.C. §1601 et seq., the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq., and the Uniform Commercial Code (UCC).

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because the events or omissions giving rise to the claim occurred within this district.

## FACTUAL BACKGROUND

7. Plaintiff entered into a contract with Affinity for a consumer credit transaction involving financing a 2013 Volkswagen Golf R.

8. The contract is labeled as a "Closed-End Note, Disclosure, Loan and Security Agreement" and repeatedly identifies the transaction as a "consumer credit transaction."

9. The plaintiff did not receive a separate, clear, and conspicuous Truth in Lending disclosure as required under 12 CFR §1026.17 and §1026.18.

10. The contract includes a "Consumer's Claims and Defenses Notice" as required by 16 CFR §433.2 (FTC Holder Rule), making any assignee of the contract subject to all claims and defenses Plaintiff may assert against the original lender.

11. The agreement lacks evidence of any actual consideration given by Affinity, and no loan of funds from Affinity was documented; instead, Plaintiff's signed application created the instrument monetized by Affinity.

12. Federal Reserve banking regulations prohibit banks and credit unions from lending their capital reserves directly, and GAAP/FASB regulations prohibit using customer deposits for private lending purposes, reinforcing that the Plaintiff's signed promise was the true source of the credit.

13. Plaintiff's vehicle was wrongfully repossessed by Nu Era Services Inc. on February 21, 2025, just before 9:00 p.m., without providing proper notices as required under UCC §9-611, §9-613, and New York law. Defendants never notified police of the repossession.

14. The repossession was falsely recorded as a voluntary surrender, and Nu Era Services submitted the license plates on the same day, February 21, 2025, indicating a voluntary classification which the Plaintiff did not authorize.

15. Affinity sent the vehicle to auction on February 26, 2025, only five days after the repossession, violating the requirement to provide the borrower with reasonable notice and opportunity to redeem.

16. The plaintiff made substantial improvements to the vehicle, including replacing the engine, which significantly increased the overall value and Plaintiff's investment interest in the car. Affinity was notified of this investment and refused to negotiate or accommodate any form of resolution despite the Plaintiff's outreach.

17. After the repossession, Nu Era Services Inc. concealed the location of the vehicle from the Plaintiff, falsely stating they did not know where the vehicle had been taken. It was only after the Plaintiff made additional inquiries and pressed harder on a later date that the company reluctantly disclosed the storage location, indicating intentional deception and a lack of good faith.

18. The contract in question is unconscionable, as it was presented as a standard form agreement drafted by Securian Financial Group, containing complex legal and financial terms not explained to the Plaintiff, while also embedding structural disadvantages and disclaimers that severely limited the Plaintiff's rights. The imbalance in bargaining power, lack of disclosure, and hidden nature of key terms such as the FTC Holder Rule and post-default remedies constitute procedural and substantive unconscionability.

19. Additionally, Plaintiff was placed in the commercially impossible and inequitable position of being both the principal and surety on the same obligation. The plaintiff was made liable for repayment while also providing the underlying asset (collateral) that secured the credit, resulting in a civil-commercial double jeopardy that is fundamentally unconscionable and unenforceable.

20. The plaintiff has exhausted all outlets to resolve this matter without pursuing legal action, including filing 3 complaints with NCUA, which dismissed the complaint as not a federal issue. Also, with the Office of the AG of New York, which the defendant(Affinity) has ignored. Plaintiff suffered credit harm, financial losses, emotional distress, and deprivation of

personal property as a direct result.

Defendant's actions constitute unlawful and deceptive conduct in violation of state and federal law. Plaintiff alleges that Affinity Federal Credit Union, acting in concert with Nu Era Services Inc., wrongfully repossessed Plaintiff's vehicle under pretenses, misclassified the repossession as voluntary without consent, and failed to provide statutorily required post-repossession notices under UCC § 9-611 and applicable New York law. Further, Defendant reported inaccurate information to credit reporting agencies, thereby causing substantial credit harm to Plaintiff. When Plaintiff disputed the information, Defendants failed to conduct a reasonable investigation, in violation of 15 U.S.C. § 1681s-2(b). These acts constitute not only a violation of the Fair Credit Reporting Act, but also conversion and deceptive practices under New York General Business Law § 349.

Supporting Case Law

Similar conduct has been held sufficient to survive dismissal in *Adika v. Bank of Am., N.A.*, No. 13-CV-488, 2013 WL 4647519 (E.D.N.Y. July 23, 2013), where the court allowed a pro se plaintiff's claims under the FCRA, GBL § 349, and conversion to proceed based on a lender's improper repossession and false credit reporting. Accordingly, Plaintiff's claims are valid and supported by both factual allegations and controlling case law.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF THE TRUTH IN LENDING ACT (TILA)

21. Plaintiff repeats and realleges paragraphs 1-20.

22. Affinity failed to provide required TILA disclosures in violation of 15 U.S.C. §1631 and Regulation Z.

23. The plaintiff is entitled to statutory damages, rescission, and actual damages under 15 U.S.C. §1640.

## COUNT II: FAILURE OF CONSIDERATION / UNJUST ENRICHMENT

24. Plaintiff repeats and realleges paragraphs 1-23.

25. Affinity provided no consideration, instead monetizing Plaintiff's application and signature to create the credit.

26. The defendant was unjustly enriched by enforcing an agreement created by the Plaintiff's financial signature without lawful disclosure or compensation.

## COUNT III: UCC VIOLATIONS / WRONGFUL REPOSSESSION

27. Plaintiff repeats and realleges paragraphs 1-26.

28. The defendant failed to provide mandatory notices under UCC §9-611 and §9-614.

29. The repossession was improperly labeled as voluntary and carried out without compliance with commercial reasonableness standards.

30. Nu Era Services further acted in bad faith and with deceptive intent by concealing the vehicle's location from the Plaintiff post-repossession.

31. The plaintiff is entitled to statutory and actual damages under UCC §9-625.

## COUNT IV: VIOLATION OF THE FTC HOLDER RULE

32. Plaintiff repeats and realleges paragraphs 1-31.

33. The contract contains the FTC Holder Rule language, making all holders subject to the Plaintiff's claims.

34. Plaintiff asserts all defenses and claims herein against any current holder of the contract.

## COUNT V: DECLARATORY AND EQUITABLE RELIEF

35. Plaintiff repeats and realleges paragraphs 1-34.

36. Plaintiff seeks a declaration that the contract is void or voidable due to lack of consideration and TILA/UCC violations.

37. Plaintiff seeks restitution for all payments made and recovery of the vehicle or its full fair market value.

## COUNT VI: VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349 (DECEPTIVE ACTS AND PRACTICES)

38. Plaintiff repeats and realleges paragraphs 1-37.

39. Defendants engaged in deceptive acts and practices in the conduct of consumer business by misrepresenting the nature of the repossession, concealing the location of the vehicle, falsely labeling it as a voluntary surrender, failing to provide post-repossession notices, and auctioning the vehicle without allowing Plaintiff to cure or redeem.

40. These acts were misleading, materially deceptive, and caused injury to the Plaintiff, including financial harm, credit damage, and loss of property, in violation of N.Y. Gen. Bus. Law § 349.

41. Plaintiff is entitled to actual damages, statutory damages of up to $1,000 for willful violations, attorneys' fees, and injunctive or declaratory relief as the Court deems appropriate.

## COUNT VII: LACK OF STANDING / IMPROPER ENFORCEMENT BY SERVICER

42. Plaintiff repeats and realleges paragraphs 1–41.

43. Defendant Affinity Federal Credit Union acted solely as a **loan servicer**, managing the account but failing to provide proof of ownership or proper assignment of the underlying promissory note and security interest.

44. The plaintiff never received notice of assignment or ownership transfer as required under the **Truth in Lending Act, 15 U.S.C. § 1641(g)**, and **Regulation Z**, which mandates written notice to the borrower within 30 days of a change in creditor.

45. Affinity has failed to produce the **original loan instrument**, prove endorsement or lawful transfer, and demonstrate they're the **holder in due course** entitled to enforce the note under **UCC Article 3**.

46. As a mere servicer, Affinity lacks standing to initiate collection actions, report to credit bureaus, or enforce remedies such as repossession, particularly without authorization from the true holder of the obligation.

47. The plaintiff is entitled to a declaratory judgment that Affinity's actions in collecting, enforcing, and repossessing under the alleged note were unauthorized and unlawful due to a lack of standing.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Award actual damages, including the fair market value of the vehicle if it has been sold; B. Award statutory damages under TILA and UCC; C. Award punitive damages for willful violations; D. Declare the loan contract void or unenforceable; E. Order rescission of the loan and return of all funds paid; F. Award costs and such other relief as the Court deems just and proper.

Respectfully submitted,

*Kyle Thomas*

Kyle Thomas, Pro Se Plaintiff

Dated: 04/23/2025

*Sarah MK Potwin*

SARAH M K POTWIN
NOTARY PUBLIC, STATE OF NEW YORK
No. 01PO6294249
Qualified in Niagara County
My Commission Expires December 16, 2025

April 23, 2025

**VERIFICATION**

STATE OF NEW YORK ) ) ss: COUNTY OF NIAGARA)

Kyle Thomas, being duly sworn, deposes and says:

I am the Plaintiff in the above-captioned action. I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true and I sign under penalty of perjury 28 USC 1746(1).

Date: 04/23/2025

Kyle-Henry: Thomas

SARAH M K POTWIN
NOTARY PUBLIC, STATE OF NEW YORK
No. 01PO6294249
Qualified in Niagara County
My Commission Expires December 16, 2025
April 23, 2025

Sworn to before me this 23rd day of April, 2025

Notary Public

Signature: _____

Commission expires: December 16, 2025

Seal:

JS 44 (Rev. 03/24)               CIVIL COVER SHEET      25 CV 374

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KYLE H THOMAS

### DEFENDANTS
AFFINITY FEDERAL CREDIT UNION, NU ERA SERVICES INC

**(b)** County of Residence of First Listed Plaintiff   NIAGARA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   SOMERSET
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se

Attorneys *(If Known)*
Robert Saldutti Esq. (Saldutti Law Group)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| [x] 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TILA, FTC Holder Rule, UCC, NY GBL Section 349, wrongful repossessionrepossessions, unconsciousable contract, failure of consideration
Brief description of cause:
Complaint for damages and declaratory relief due to violations, deceptive practices, lack of contract consideration, and unconscionable contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $30,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 04/15/2025
SIGNATURE OF ATTORNEY OF RECORD *Kyle Thomas*

**FOR OFFICE USE ONLY**